IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACADIA PHARMACEUTICALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. _____ |
| v. | ) |
| | ) |
| ZYDUS PHARMACEUTICALS (USA) INC. and CADILA HEALTHCARE LIMITED, | ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff ACADIA Pharmaceuticals Inc. ("ACADIA" or "Plaintiff"), for its Complaint against Defendants Zydus Pharmaceuticals (USA) Inc. ("Zydus USA") and Cadila Healthcare Limited ("Cadila") (collectively "Zydus" or "Defendants"), hereby alleges as follows:

## THE PARTIES

1. ACADIA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 3611 Valley Centre Drive Suite 300, San Diego, California 92130.

2. Upon information and belief, Zydus USA is a corporation organized and existing under the laws of the State of New Jersey, having a principal place of business at 73 Route 31 North, Pennington, New Jersey 08534.

3. Upon information and belief, Cadila is an entity organized and existing under the laws of India, having a principal place of business at Zydus Corporate Park, Scheme No. 63, Survey No. 536, Khoraj (Gandhinagar), Nr. Vaishnodevi Circle, S. G. Highway, Ahmedabad 382 481, India.

4. Upon information and belief, Zydus USA is a wholly owned subsidiary of Cadila.

5.     Upon information and belief, Zydus USA acts at the direction, and for the benefit, of Cadila and is controlled and/or dominated by Cadila.

6.     Upon information and belief, Zydus USA and Cadila work in concert, either directly or indirectly, with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in the State of Delaware.

7.     Upon information and belief, Zydus USA and Cadila have participated and collaborated in the preparation, filing, and seeking FDA approval of Abbreviated New Drug Application ("ANDA") No. 214493 for pimavanserin capsules, 34 mg ("the Zydus 34 mg Generic Product") and ANDA No. 214502 for pimavanserin tablets, 10 mg ("the Zydus 10 mg Generic Product") (collectively, "the Zydus Generic Products"); continue to participate and collaborate in seeking FDA approval of ANDA Nos. 214493 and 214502; and intend to participate and collaborate in the commercial manufacture, marketing, offer for sale, and/or sale of the Zydus Generic Products throughout the United States including in the State of Delaware.

## NATURE OF THE ACTION

8.     This is a civil action for infringement of United States Patent Nos. 7,601,740 ("the '740 patent"), 7,732,615 ("the '615 patent"), 10,449,185 ("the '185 patent"), 10,517,860 ("the '860 patent") and 10,646,480 ("the '480 patent") (collectively "the patents-in-suit"). This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 100 *et seq*.

## JURISDICTION & VENUE

9.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), 2201, 2202, and 35 U.S.C. § 271.  This Court may declare the rights and other legal relations of the parties pursuant to 28 U.S.C. §§ 2201-02 because this case is an actual controversy within the Court's jurisdiction.

10. Venue is proper in this Court as to Zydus USA under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because, *inter alia*, Zydus USA has committed and will commit further acts of infringement in this Judicial District. Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

11. This Court has personal jurisdiction over Zydus USA and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, Zydus USA: (1) maintains pervasive, continuous, and systematic contacts with the State of Delaware and availed itself of the privilege of doing business in this Judicial District, including by the marketing, distributing, and/or sale of generic pharmaceutical drugs in the State of Delaware; (2) has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware; and (3) has indicated that it intends to engage in the commercial manufacture, use, or sale of the Zydus 34 mg Generic Product under ANDA No. 214493 and the Zydus 10 mg Generic Product under ANDA No. 214502 before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

12. Upon information and belief, Zydus USA is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, including in the State of Delaware, through its own actions and through the actions of its agents and affiliates.

13. Zydus USA's website states that it "currently offers more than 430 SKUs to the US market and is ranked the seventh largest unbranded generic corporation in the US" and "is looking forward to continuing its growth in the US marketplace." <u>Overview</u>, http://www.zydususa.com/overview/ (last visited July 23, 2020). The website also states that

"Zydus's generic products can be found across the country in most pharmacies, both in store as well as mail order."  FAQ – How to Get Zydus Products: Where can I find Zydus Products?, http://www.zydususa.com/faq/ (last visited July 23, 2020).

14. Venue is proper in this Court as to Cadila under 28 U.S.C. §§ 1391(b), (c), (d), and/or 1400(b) because, *inter alia*, Cadila, directly or indirectly through its subsidiaries, agents, and/or alter egos, has committed and will commit further acts of infringement in this Judicial District.  Venue is proper for the additional reasons set forth below, and for other reasons that will be presented to the Court if such venue is challenged.

15. This Court has personal jurisdiction over Cadila, and venue is proper in this Judicial District, by virtue of the facts that, *inter alia*, Cadila, directly or indirectly through its subsidiaries, agents, and/or alter egos:  (1) maintains pervasive, continuous, and systematic contacts with the State of Delaware and availed itself of the privilege of doing business in this Judicial District, including by the marketing, distributing, and/or sale of generic pharmaceutical drugs in the State of Delaware; (2) has committed, aided, abetted, contributed to, and/or participated in the commission of a tortious act of patent infringement under 35 U.S.C. § 271(e)(2) that has led to and/or will lead to foreseeable harm and injury to ACADIA, a Delaware corporation, including in the State of Delaware; and (3) upon information and belief intends to engage in the commercial manufacture, use, or sale of the Zydus 34 mg Generic Product under ANDA No. 214493 and the Zydus 10 mg Generic Product under ANDA No. 214502 before the expiration of the patents-in-suit, throughout the United States, including in the State of Delaware.

16. Upon information and belief, Cadila is in the business of, *inter alia*, manufacturing and selling generic pharmaceutical products that are distributed throughout the United States,

including in the State of Delaware, through its own actions and through the actions of its agents and affiliates, including, at least, Zydus USA.

17. Cadila's website states that its "global business has a strong presence in the regulated markets of the US" and that it has "manufacturing sites and research facilities spread across . . . India and in the US" with "more than 30 manufacturing plants worldwide including India, Brazil and USA." Homepage, http://www.zyduscadila.com (last visited July 23, 2020).

18. Zydus' infringing actions with respect to the filing of ANDA Nos. 214493 and 214502 and intent to commercialize the Zydus Generic Products have led and/or will lead to foreseeable harm and injury to ACADIA.

19. This Court also has personal jurisdiction over Zydus USA and Cadila, and venue is proper in this Court because, *inter alia*, they have previously been sued together in this Judicial District and have not challenged personal jurisdiction or venue, and have purposefully availed themselves of the rights and benefits of the jurisdiction of this Court by filing counterclaims in this Judicial District. *See*, *e.g.*, *Boehringer Ingelheim Pharm. Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-1501-CFC (D. Del.) (Zydus USA and Cadila did not contest jurisdiction and filed counterclaims); *Boehringer Ingelheim Pharm. Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-1295-CFC (D. Del.) (same); *Boehringer Ingelheim Pharm. Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 18-1763-CFC-SRF (D. Del.) (same); *Millennium Pharm., Inc. v. Zydus Pharm. (USA) Inc.,* C.A. No. 17-0423-CFC (D. Del.) (same); *Sanofi-Aventis US LLC v. Zydus Pharm. (USA) Inc.*, C.A. No. 17-0034-GMS (D. Del.) (same); *Amgen Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 20-0075-CFC (D. Del.) (Zydus USA and Cadila did not contest jurisdiction); *Pfizer Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-0760-CFC (D. Del.) (same); *Merck Sharp & Dohme Corp. v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-0314-RGA (D. Del.) (same); *Anacor Pharm., Inc. v. Ascent Pharm., Inc.*,

C.A. No. 18-1673-RGA (D. Del.) (same); *H. Lundbeck A/S v. Zydus Pharm. (USA) Inc.*, C.A. No. 18-0150-LPS (D. Del.) (same); *Pfizer Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 17-0214 (D. Del.) (same); *Pfizer Inc. v. Zydus Pharm. (USA) Inc.*, C.A. No. 17-0158-GJP (D. Del.) (same); *Allergan USA, Inc. v. Aurobindo Pharma Ltd.*, C.A. No. 19-1727-RGA (D. Del.) (Zydus USA did not contest jurisdiction); *Biogen Int'l GmbH v. Zydus Pharm. (USA) Inc.*, C.A. No. 19-0333-MN (D. Del.) (same).

20.  Alternatively, should the Court find that the above facts do not establish personal jurisdiction over Cadila in this action, this Court may exercise jurisdiction over Cadila pursuant to Fed. R. Civ. P. 4(k)(2) because:  (a) ACADIA's claims arise under federal law; (b) Cadila is a foreign defendant not subject to personal jurisdiction in the courts of any state; and (c) Cadila has sufficient contacts with the United States as a whole, including, but not limited to, submitting various ANDAs to the FDA, and manufacturing and selling active pharmaceutical ingredients that are used in the products distributed throughout the United States, such that this Court's exercise of jurisdiction over Cadila satisfies due process.

## ACADIA'S NDAS AND THE PATENTS-IN-SUIT

21.  ACADIA holds New Drug Application ("NDA") No. 210793 for oral capsules containing pimavanserin tartrate, Eq. 34 mg base as the active ingredient.  ACADIA exclusively manufactures, markets and sells these oral capsules in the United States under the brand name NUPLAZID®.

22.  ACADIA holds NDA No. 207318 for oral tablets containing pimavanserin tartrate, Eq. 10 mg base as the active ingredient.  ACADIA exclusively manufactures, markets and sells these oral tablets in the United States under the brand name NUPLAZID®.

23. On October 13, 2009, the '740 patent, entitled "Selective serotonin 2A/2C receptor inverse agonists as therapeutics for neurodegenerative diseases" was duly and legally issued. A copy of the '740 patent is attached as Exhibit A.

24. ACADIA owns the '740 patent.

25. On June 8, 2010, the '615 patent, entitled "N-(4-fluorobenzyl)-N-(1-methylpiperidin-4-yl)-N′-(4-(2-methylpropyloxy)phenylmethyl)carbamide and its tartrate salt and crystalline forms" was duly and legally issued. A copy of the '615 patent is attached as Exhibit B.

26. ACADIA owns the '615 patent.

27. On October 22, 2019, the '185 patent, entitled "Formulations of pimavanserin" was duly and legally issued. A copy of the '185 patent is attached as Exhibit C.

28. ACADIA owns the '185 patent.

29. On December 31, 2019, the '860 patent, entitled "Combination of pimavanserin and cytochrome P450 modulators" was duly and legally issued. A copy of the '860 patent is attached as Exhibit D.

30. ACADIA owns the '860 patent.

31. On May 12, 2020, the '480 patent, entitled "Formulations of pimavanserin" was duly and legally issued. A copy of the '480 patent is attached as Exhibit E.

32. ACADIA owns the '480 patent.

33. Pursuant to 21 U.S.C. § 355(b)(1), the '740, '615, '185, and '480 patents are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering NUPLAZID® Eq. 34 mg base or its use.

34. Pursuant to 21 U.S.C. § 355(b)(1), the '740, '615, and '860 patents are listed in the FDA's *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering NUPLAZID® Eq. 10 mg base or its use.

## ZYDUS' ANDAS AND PARAGRAPH IV NOTIFICATIONS

35. Upon information and belief, Zydus submitted ANDA No. 214493 to the FDA under 21 U.S.C. § 355(j). Upon information and belief, Zydus' ANDA No. 214493 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus 34 mg Generic Product prior to the expiration of the patents-in-suit.

36. Upon information and belief, by filing ANDA No. 214493, Zydus has certified to the FDA that the Zydus 34 mg Generic Product has the same active ingredient as NUPLAZID® Eq. 34 mg base and the same or substantially the same proposed labeling as NUPLAZID® Eq. 34 mg base.

37. ACADIA received written notification of Zydus' ANDA No. 214493 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by letter dated June 22, 2020 ("Zydus' ANDA No. 214493 Notice Letter").

38. Zydus' ANDA No. 214493 Notice Letter represents that Zydus certified in ANDA No. 214493 that the claims of the '740, '615, '185, and '480 patents are invalid or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Zydus 34 mg Generic Product.

39. Upon information and belief, Zydus submitted ANDA No. 214502 to the FDA under 21 U.S.C. § 355(j). Upon information and belief, Zydus' ANDA No. 214502 seeks FDA approval to engage in the commercial manufacture, use, sale, or offer for sale within the United

States, or importation into the United States, of the Zydus 10 mg Generic Product prior to the expiration of the patents-in-suit.

40. Upon information and belief, by filing ANDA No. 214502, Zydus has certified to the FDA that the Zydus 10 mg Generic Product has the same active ingredient as NUPLAZID® Eq. 10 mg base and the same or substantially the same proposed labeling as NUPLAZID® Eq. 10 mg base.

41. ACADIA received written notification of Zydus' ANDA No. 214502 and its accompanying § 505(j)(2)(A)(vii)(IV) certification by letter dated June 22, 2020 ("Zydus' ANDA No. 214502 Notice Letter") (collectively with Zydus' ANDA No. 214493 Notice Letter, "Zydus' Notice Letters").

42. Zydus' ANDA No. 214502 Notice Letter represents that Zydus certified in ANDA No. 214502 that the claims of the '740, '615, and '860 patents are invalid or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Zydus 10 mg Generic Product.

43. According to applicable regulations, Notice Letters such as Zydus' Notice Letters must contain a detailed statement of the factual and legal bases for the applicant's opinion that the patent is invalid, unenforceable, or not infringed, which includes a claim-by-claim analysis, describing "[f]or each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "[f]or each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see also* 21 C.F.R. § 314.52.

44. For at least one claim of the '860 patent, Zydus' ANDA No. 214502 Notice Letter failed to provide a claim-by-claim analysis on the full and detailed explanation of the grounds supporting Zydus' opinion that the claims of the '860 patents are alleged to be invalid.

45. This action is being commenced by ACADIA within 45 days of its receipt of Zydus' Notice Letters.

46. Zydus' Notice Letters each contained an Offer of Confidential Access ("OCA") to certain confidential information regarding the Zydus Generic Products. ACADIA and Zydus subsequently exchanged markups of the OCAs in an attempt to reach agreement on the terms for confidential access. As of the filing of this Complaint, however, the parties have not been able to reach an agreement.

47. To date, Zydus has not provided ACADIA with a copy of any portions of ANDA Nos. 214493 or 214502 or any information regarding the Zydus Generic Products, beyond the information set forth in Zydus' Notice Letters.

48. The limited information relating to the Zydus Generic Products that was provided in Zydus' Notice Letters does not demonstrate that the Zydus Generic Products, which Zydus has asked the FDA to approve for sale in the United States, will not fall within the scope of issued claims of the patents-in-suit.

**COUNT I - INFRINGEMENT
BY ZYDUS USA AND CADILA**

49. ACADIA re-alleges paragraphs 1-48 as if fully set forth herein.

50. Zydus' submission of ANDA No. 214493 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '740, '615, '185, and '480 patents under 35 U.S.C. § 271(e)(2)(A).

51. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Zydus certified in ANDA No. 214493 that the claims of the patents-in-suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Zydus 34

mg Generic Product. Zydus notified ACADIA of that certification and provided a statement of the alleged bases for its claims.

52. Zydus' ANDA No. 214493 Notice Letter does not identify any factual basis for, or any opinion of, invalidity regarding claims 2-10, 18-21, and 24-25 of the '740 patent and the claims of the '615, '185, and '480 patents.

53. Separate and apart from certain contentions regarding patent validity, Zydus' ANDA No. 214493 Notice Letter does not identify any factual basis for, or any opinion of, noninfringement of claims 1, 11-15, 17, 22-23, and 26 of the '740 patent.

54. Defendants are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A). Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 214493 seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus 34 mg Generic Product prior to the expiration of the patents-in-suit.

55. Upon information and belief, Zydus was aware of the existence of the patents-in-suit and was aware that the filing of ANDA No. 214493 and certification with respect to the patents-in-suit constituted an act of infringement of those patents.

56. Zydus filed ANDA No. 214493 without adequate justification for asserting that the patents-in-suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus 34 mg Generic Product.

57. Moreover, if Zydus manufactures, uses, offers for sale, or imports into the United States any of the Zydus 34 mg Generic Product, or induces or contributes to any such conduct, prior to the expiration of the patents-in-suit, including any applicable exclusivities or extensions,

Zydus would infringe one or more claims of the patents-in-suit under 35 U.S.C. § 271(a), (b), and/or (c).

58. ACADIA is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Zydus' ANDA No. 214493 be a date that is not earlier than the expiration of the '740, '615, '185, and '480 patents, or any later expiration of exclusivity for the patents-in-suit to which ACADIA is or becomes entitled.

59. ACADIA will be irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court. ACADIA does not have an adequate remedy at law.

### COUNT II - INFRINGEMENT BY ZYDUS USA AND CADILA

60. ACADIA re-alleges paragraphs 1-59 as if fully set forth herein.

61. Zydus' submission of ANDA No. 214502 to the FDA, including its § 505(j)(2)(A)(vii)(IV) certification, constituted infringement of the '740, '615, and '860 patents under 35 U.S.C. § 271(e)(2)(A).

62. Upon information and belief, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV), Zydus certified in ANDA No. 214502 that the claims of the patents-in-suit are invalid, unenforceable, or would not be infringed by the commercial manufacture, use, sale, or offer for sale of the Zydus 10 mg Generic Product. Zydus notified ACADIA of that certification and provided a statement of the alleged bases for its claims.

63. Zydus' ANDA No. 214502 Notice Letter does not identify any factual basis for, or any opinion of, invalidity regarding claims 2-10, 20, 21, 24 and 25 of the '740 patent and the claims of the '615 patent.

64. Separate and apart from certain contentions regarding patent validity, Zydus' ANDA No. 214502 Notice Letter does not identify any factual basis for, or any opinion of,

noninfringement of claims 1, 11-19, 22, 23, and 26 of the '740 patent and the claims of the '860 patent.

65. Defendants are jointly and severally liable for infringement of the patents-in-suit under 35 U.S.C. § 271(e)(2)(A). Upon information and belief, Defendants actively and knowingly caused to be submitted, assisted with, participated in, contributed to, and/or directed the submission of ANDA No. 214502 seeking to engage in the commercial manufacture, use, sale, or offer for sale within the United States, or importation into the United States, of the Zydus 10 mg Generic Product prior to the expiration of the patents-in-suit.

66. Moreover, if Zydus manufactures, uses, offers for sale, or imports into the United States any of the Zydus 10 mg Generic Product, or induces or contributes to any such conduct, prior to the expiration of the patents-in-suit, including any applicable exclusivities or extensions, they would infringe one or more claims of the patents-in-suit under 35 U.S.C. § 271(a), (b), and/or (c).

67. Upon information and belief, Zydus was aware of the existence of the patents-in-suit and were aware that the filing of ANDA No. 214502 and certification with respect to the patents-in-suit constituted an act of infringement of those patents.

68. Zydus filed ANDA No. 214502 without adequate justification for asserting that the patents-in-suit are invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Zydus 10 mg Generic Product.

69. ACADIA is entitled to relief provided by 35 U.S.C. § 271(e)(4), including an order of this Court that the effective date of the approval of Zydus' ANDA No. 214502 be a date that is not earlier than the expiration of the '740, '615, and '860 patents, or any later expiration of exclusivity for the patents-in-suit to which ACADIA is or becomes entitled.

70.     ACADIA will be irreparably harmed by Zydus' infringing activities unless those activities are enjoined by this Court.  ACADIA does not have an adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, ACADIA requests that the Court grant the following relief:

A.     A Judgment that Zydus has infringed the '740, '615, '185, and '480 patents by submitting ANDA No. 214493 to the FDA;

B.     A Judgment that Zydus has infringed the '740, '615, and '860 patents by submitting ANDA No. 214502 to the FDA;

C.     An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Zydus' ANDA No. 214493 will not be earlier than the expiration date of the '740, '615, '185, and '480 patents, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which ACADIA is or becomes entitled;

D.     An Order pursuant to 35 U.S.C. § 271(e)(4)(A) providing that the effective date of any FDA approval of Zydus' ANDA No. 214502 will not be earlier than the expiration date of the '740, '615, and '860 patents, or any later expiration of any patent term extension or exclusivity for the patents-in-suit to which ACADIA is or becomes entitled;

E.     An Order permanently enjoining Zydus, its directors, officers, agents, attorneys, affiliates, divisions, successors and employees, and those acting in privity or concert with Zydus, from commercially manufacturing, using, offering to sell, selling, marketing, distributing, or importing the Zydus Generic Products identified in this Complaint, or any product that infringes or induces or contributes to the infringement of one or more of the patents-in-suit, prior to the expiration of the patents-in-suit, including any exclusivities or extensions to which ACADIA is or becomes entitled;

   F. That ACADIA be awarded monetary relief to the extent Zydus commercially manufactures, uses, offers for sale, or sells within the United States, or imports into the United States, any product that infringes or induces or contributes to the infringement of the patents-in-suit, within the United States prior to the expiration of the patents-in-suit, including any later expiration of any patent term extensions or exclusivities for the patents-in-suit to which ACADIA is or will become entitled, and that any such monetary relief be awarded to ACADIA with prejudgment interest;

   G. A finding that this case is an exceptional case and an award of attorneys' fees in this action pursuant to 35 U.S.C. § 285;

   H. That ACADIA be awarded the costs and expenses that it incurs in prosecuting this action; and

   I. Such other and further relief as this Court may deem just and proper.

| OF COUNSEL: | SAUL EWING ARNSTEIN & LEHR LLP |
|---|---|
| Chad J. Peterman<br>Bruce M. Wexler<br>Scott F. Peachman<br>PAUL HASTINGS LLP<br>200 Park Avenue<br>New York, New York 10166<br>(212) 318-6000<br>chadpeterman@paulhastings.com<br>brucewexler@paulhastings.com<br>scottpeachman@paulhastings.com | /s/James D. Taylor, Jr.<br>James D. Taylor, Jr. (#4009)<br>Jessica M. Jones (#6246)<br>Charles E. Davis (#6402)<br>1201 N. Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, Delaware 19899<br>(302) 421-6800<br>James.Taylor@saul.com<br>Jessica.Jones@saul.com<br>Chad.Davis@saul.com |

*Attorneys for Plaintiff ACADIA Pharmaceuticals Inc.*

July 30, 2020